MARJORIE ALLEN WHITE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
White v. Commissioner
Docket No. 7774-77.
United States Tax Court
T.C. Memo 1979-6; 1979 Tax Ct. Memo LEXIS 522; 38 T.C.M. (CCH) 15; T.C.M. (RIA) 79006; January 3, 1979, Filed *522 Held: Deduction for Federal income taxes not allowed. Marjorie Allen White, pro se. Richard D. D'Estrada, for respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioner's income tax for the year 1974 in the amount of $ 1,020.81. The issue for decision is whether petitioner is entitled to a deduction for Federal income tax. FINDINGS OF FACT Petitioner was a resident of La Junta, Colo., at the time she filed her *523 petition herein. Petitioner filed an individual income tax return for 1974 on which she claimed two exemptions, one for herself and one for being 65 years of age or older. She reported income from salaries in the amount of $ 16,116, net income from a business as court reporter in Otero County, Colo., in the amount of $ 3,963.48, and a net loss from rentals in the amount of $ 641.44. Petitioner itemized her deductions on her return and, among other deductions, claimed a deduction on the line for State and local income taxes in the amount of $ 4,049.32. This was explained as "Fed 3921.09, - rfd 413.32. State 568.92, - rfd. 27.37." Petitioner computed the tax on the reported taxable income using the tax tables for "head of household." The tax so computed was $ 2,435.33 to which was added "Recomputed Fed1 1973 owe additional $ 46.09" and self-employment tax of $ 286.11, for a total of $ 2,767.53. She also reported tax withheld in the amount of $ 3,921.09 and claimed a refund of $ 1,153.56. By letter dated March 17, 1975, respondent notified petitioner that $ 48.58 of her 1974 overpayment would be applied to an underpayment of 1973 tax plus interest, leaving a balance for refund *524 in the amount of $ 1,104.98. By letter dated March 27, 1975, respondent notified petitioner that because she had computed her 1974 tax from the head-of-household tax table, which she was not entitled to use, her tax was $ 2,954.90 instead of the $ 2,767.53 reported, so the tax was increased by $ 187.37. The amount of refund due was thus reduced to $ 917.61.However, by check dated May 10, 1975, petitioner paid the additional $ 187.37. Sometime thereafter respondent apparently refunded to petitioner the amount of her overpayment under the above computations. On June 1, 1977, respondent issued the notice of deficiency herein for the year 1974. The deficiency was determined by disallowance of $ 58 of the medical deduction claimed and the $ 3,507.77 claimed as a deduction for Federal income tax. Earlier in 1977, apparently after petitioner received a 30-day letter advising her of the proposed adjustments in her 1974 tax, petitioner wrote several letters to various Internal Revenue Service personnel complaining of the inefficiency of the IRS and asserting that respondent should be bound by the assessments of March 17 and 27, 1975. Representatives of the IRS responded attempting *525 to explain the reason for the various adjustments. Petitioner filed her petition herein on July 14, 1977. The petition did not assign error in any of the specific adjustments made in the notice of deficiency but simply made reference to the foregoing correspondence. Respondent filed an answer on September 2, 1977. On September 26, 1977, petitioner filed a "Reply and supplemental addition to original petition" in which she alleged that: (1) The IRS forms are illegally complicated; (2) the IRS is inefficient and harassing; (3) the IRS caused the State of Colorado to claim additional tax; (4) if the refund was improperly made it was the fault of the IRS and it should be bound by it; and also (5) claimed damages in the amount of $ 5,459.73 (unexplained). At the trial of this case petitioner appeared pro se. Despite explanations by the Court of the purpose of the proceedings petitioner offered no evidence relevant to the adjustments made in the notice of deficiency and made no argument that they were in error. Instead she asked the revenue agent to take the witness stand and questioned him about the number of people she had contacted in the IRS and the alleged run around *526 she had been given with respect to her 1974 tax liability. OPINION It is clear that petitioner is not entitled to a deduction for Federal income tax. Section 275(a)(1), I.R.C. 1954, [1] provides in part as follows: (a) * * * No deduction shall be allowed for the following taxes: (1) Federal income taxes, including--* * *. See also Polk v. United States,     F. 2d     (Ct. Cl., Mar. 17, 1978); Romak v. Commissioner,T.C. Memo. 1972-116. No mention was made of respondent's disallowance of the $ 58 medical deduction so we assume petitioner does not contest that adjustment. Consequently, respondent was clearly correct in the determination of the deficiency in petitioner's income tax for 1974 and must be affirmed. We can sympathize with petitioner's frustrations over the various notifications she received from the Internal Revenue Service with respect to her 1974 income tax, but there is a reasonable explanation for the Commissioner's "three bites at the apple," so to speak. Section 6402(a) authorizes the respondent, in case of any overpayment *527 of tax, to credit the amount of such overpayment, including any interest allowed thereon, against any other Federal tax owed by such taxpayer and to refund the balance. Since petitioner apparently did not dispute the additional tax and interest owed for 1973, respondent was justified in first applying $ 48.58 of her 1974 refund to that deficiency. This would have been done automatically in the district director's office shortly after the 1974 return showing an overpayment was filed, probably on March 17, 1975. Next was the notification dated March 27, 1975, advising petitioner that she had erred in computing her tax from the head-of-household tax table with the result that the correct tax on the income reported was $ 187.37 more than she reported. This was undoubtedly discovered in an office audit made prior to refunding the overpayment claimed for 1974. It is perhaps unfortunate that the auditor did not notice the unallowable deductions for Federal income tax and medical expense at the same time and make adjustments accordingly, but had this been done it would have delayed the refund of petitioner's overpayment for 1974 until petitioner could protest the latter adjustments. *528 The procedure followed by respondent is authorized by regulations, see sec. 301.6402-4, Proced. & Admin. Regs., and is followed particularly when taxes withheld exceed the amount of tax shown to be due on the return, and is for the benefit of taxpayers in refunding claimed overpayments prior to complete audits of returns, which may take several years. Petitioner apparently received the refund in 1975 and had the use of that money thereafter. Clearly the respondent is not bound by or limited to the adjustments made in his letters of March 17 and 27, 1975. Petitioner's 1974 return was apparently audited in early 1977 and it was then discovered that she had claimed a deduction for Federal income tax. Petitioner really has little ground to complain about the delay in respondent's discovery of this error. Both the law and the instructions issued by respondent for filling out income tax returns plainly state that Federal income taxes are not deductible, so the delay was initiated by petitioner's erroneous claim. Also, petitioner added the Federal tax to the State tax deducted and entered the total as a lump-sum figure on the line provided on the return for State and local taxes. This *529 would not be noticed on a casual review of the return. We recognize that the Federal income tax forms are not models of simplicity, but this is largely due to the complexity in the internal revenue laws enacted by Congress. If provision is not made on the income tax return forms for the numerous deductions and exclusions provided in the law, many taxpayers would not know of these provisions, to their detriment. Perhaps petitioner's confusion with her return was caused in part by her seeking a place to claim a deduction to which she was not entitled. We do not mean to belittle petitioner's frustrations in completing her return correctly; we imagine at least 50 percent of the taxpayers who file long form 1040's and itemize deductions experience the same exasperation each year at tax return time. But the complications of the returns can hardly be characterized as illegal. On the other hand, we do not condone petitioner's action in filing a petition in this Court alleging no errors in respondent's proposed adjustments in her taxable income or in any other matters over which this Court might have jurisdiction. This Court has too many cases pending before it involving legal *530 controversies over actual tax disputes to take time to serve as referee between taxpayers and the Internal Revenue Service over procedural matters. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩